IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR L. WESS | § | |
| (TDCJ No. 1254092), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:20-cv-472-E-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Victor L. Wess, a Texas prisoner, filed a *pro se* application for writ of habeas corpus appearing to challenge a December 8, 2018 Dallas County conviction for aggravated assault against a security officer. *See* Dkt. No. 3.

This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown.

For the reasons explained below, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to Wess's right to fully exhaust his state court remedies.

A petitioner must fully exhaust state court remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A).

This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting, in turn, *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))).

A Texas prisoner must present his claims to the Texas Court of Criminal Appeals ("CCA") in a petition for discretionary review ("PDR") or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL

1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *cf. Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

Wess appears to challenge his 2018 conviction for aggravated assault of a security officer, for which he received 10 years of imprisonment. *See State v. Victor Lawrence Wess*, No. F17-59938-I (Crim. Dist. Ct. No. 2, Dallas Cnty., Tex.); Dkt. No. 3 at 1-2. But neither his Section 2254 petition nor records available online from Dallas County or the CCA reflect that Wess either appealed or filed a state habeas petition. Wess, moreover, filed this federal action on the form commonly used to initiate state habeas proceedings. *See, e.g.,* Dkt. No. 3 at 1 (referencing Texas Code of Criminal Procedure Article 11.07). So it is apparent that Wess has yet to file a PDR or to otherwise afford the state courts – particularly, the CCA, as the applicable highest state court – the first opportunity to address the substance of the collateral claims he now intends to raise in federal court.

He has therefore failed to exhaust state court remedies in a procedurally correct

manner, and his Section 2254 petition should be dismissed without prejudice under Rule 4. *See, e.g., Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted." (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005))).

## Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the 28 U.S.C. § 2254 habeas application without prejudice to Petitioner Victor L. Wess's right to fully and properly exhaust state court remedies and serve a copy of any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the construed habeas petition on the Texas Attorney General, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office, Austin, Texas. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

-4-

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 28, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE